UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| MARIA G. SOSA,<br><br>           Plaintiff,<br>   v.<br><br>BANKOF NEW YORK MELLON TRUST,<br><br>           Defendant.<br>_____/ | No. C 12-00144 LB<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>[ECF No. 14] |

On January 31, 2012, Plaintiff Maria G. Sosa filed an *ex parte* application for a temporary restraining order to enjoin Defendant Bank of New York Mellon Trust from proceeding with a foreclosure sale scheduled for February 3, 2012. Application for a Temporary Restraining Order, ECF No. 13 at 1-2.[1] Sosa also filed a motion for a preliminary injunction. Motion for a Preliminary Injunction, ECF No. 14 at 1-2. On February 2, 2012, with both parties in attendance, the court conducted a hearing on Sosas's application for a temporary restraining order. The court granted Sosa's application for a temporary restraining order because she raised serious questions on the merits and the balance of equities tipped in her favor, and the other elements required for injunctive relief were satisfied. Order, ECF No. 17.

The standards for a temporary restraining order mirror that for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-00144 LB
ORDER

Here, Defendant reiterates the arguments it made in opposition to Sosa's application for a temporary restraining order. The only new wrinkle is that Defendant submits a revised affidavit from Sosa's loan servicer, now includes copies of the letters that it allegedly sent. Lara Decl., ECF No. 22-2. Again, while probative, the affidavit and its attachments do not establish that there are no factual disputes regarding Defendant's compliance with the requirements of section 2923.5. For example, neither the declaration nor exhibits establish that the letters were sent via certified mail as required by the statute.

For the foregoing reasons, the court **GRANTS** Sosa's application for a preliminary injunction.

Defendant, as well as its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, is enjoined from conducting a deed of trust sale of or foreclosing on 475 Bell Street, East Palo Alto, California until the court issues a case-dispositive ruling or otherwise lifts the injunction.

Sosa is required to post a bond of $3,000 per month. The bond must be posted on the first of each month. If Sosa fails to post any of the bonds, the preliminary injunction will expire. Local Civil Rule 65-1.1 sets forth the requirements for posting a bond.

This disposes of ECF No. 14.

**IT IS SO ORDERED.**

Dated: March 27, 2012

_____
LAUREL BEELER
United States Magistrate Judge