UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARIA G. SOSA, | No. C 12-00144 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS ALLEGED IN PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| BANK OF NEW YORK MELLON TRUST, | |
| Defendant. | [ECF No. 34] |

# I. INTRODUCTION

Plaintiff Maria Sosa filed this action against defendant Bank of New York Mellon Trust ("BNYM") in which she alleges that BNYM is responsible for the allegedly improper institution of foreclosure proceedings against her property. *See* Second Amended Complaint ("SAC"), ECF No. 33.[1] Ms. Sosa filed a Second Amended Complaint on April 9, 2012, and BNYM now moves to dismiss part of her third, and the entirety of her fourth, causes of action. Motion, ECF No. 34; *see* SAC, ECF No. 33. Upon consideration of the papers submitted, the court GRANTS Defendant's motion.[2]

///

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] Pursuant to this district's Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and vacates the July 5, 2012 hearing.

C 12-00144 LB
ORDER

## II. BACKGROUND FACTS

Ms. Sosa alleges that she is an unsophisticated borrower who obtained a $544,000 mortgage loan secured by her principal residence, which is located at 475 Bell Street, East Palo Alto, California. SAC, ECF No. 33 at 2, ¶ 2; *id*. at 5, ¶ 20. The loan was secured by a trust deed. *Id.* at 5, ¶ 20. BNYM allegedly was assigned the rights and interests to the promissory note on or about October 5, 2010 and again on or about September 9, 2011. *Id.* at 6, ¶¶ 25, 28. Ms. Sosa alleges that the September 9, 2011 assignment is "misleading, invalid, and void" because the assignor—Wells Fargo Bank, N.A. ("Wells Fargo")—"lacked the requisite authority to re-assign" interest under the trust deed because it had already done so on October 5, 2010. *Id*. at 7, ¶ 29.

Ms. Sosa alleges that First American Trustee Servicing Solutions, LLC ("FATSS") and First American Title Insurance Company ("FATIC"), acting as agents for the beneficiary under the trust deed, issued a notice of default on September 16, 2010. *Id.* at 5, ¶ 21. She contends that this notice of defective because the declaration accompanying it "ambiguously declared" that "one of the" requirements relating to the assessment of her financial situation and the exploration of alternatives to foreclosure was made by "Beneficiary." *Id*. at 5, 7, ¶¶ 21, 32. She contends that she was never contacted by anyone for any such assessment and so this declaration is "fraudulent." *Id*. at 7-8, ¶¶ 35, 40.

A foreclosure sale had been scheduled for February 3, 2012. Application, ECF No. 13 at 1. On February 2, 2012, after a hearing attending by both parties, the court entered a temporary restraining order that enjoins BNYM (as well as its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them) from conducting a deed of trust sale of or foreclosing upon Ms. Sosa residence. 2/2/2012 Order, ECF No. 17. The court also entered a preliminary injunction with the same conditions. 3/27/2012 Order, ECF No. 29.

Ms. Sosa filed a Second Amended Complaint on April 9, 2012, and BNYM now moves to dismiss part of her third, and the entirety of her fourth, causes of action. Motion, ECF No. 34; *see* SAC, ECF No. 33. Ms. Sosa opposes BNYM's motion. Opposition, ECF No. 35.

## III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV.  DISCUSSION

### A.  The Court's 3/28/2012 Order

In its 3/28/2012 granting in part and denying in part BNYM's motion to dismiss Ms. Sosa's First Amended Complaint, the court ruled that Ms. Sosa's first and second causes of action—in which she alleges claims for violation of California Civil Code §§ 2923.5 and 2924, respectively—were sufficiently pled. The court also ruled that Ms. Sosa had standing to bring her third cause of action,

in which she alleges a claim for violation of all three prongs of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210.[3]  The court also ruled that Ms. Sosa sufficiently alleged a claim under the "unlawful" prong of the UCL (by virtue of the survival of her first and second causes of action), but that she did not sufficiently allege claims under the UCL's "unfair" or "fraudulent" prongs.  Finally, the court ruled that Ms. Sosa did not sufficiently allege a claim for negligent misrepresentation.

Ms. Sosa filed a Second Amended Complaint that includes some new allegations.  See SAC, ECF No. 33 at 5-7, ¶¶ 22-24, 26-27, 29; id. at 19-20, ¶¶ 118-20, 122-23.  BNYM does not believe that these new allegations save her "unfair" and "fraudulent" UCL claims or her negligent misrepresentation claim.  Each claim is addressed in turn below.

**B.  Whether Ms. Sosa States a Claim under the UCL's "Unfair" Prong**

The Ninth Circuit has explained that the definition of "unfair" acts or practices in consumer actions is unsettled.  *Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 736 (9th Cir. 2007).  One line of cases defines "unfair" conduct as immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requiring the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.  *Id.*  The other line of cases requires that the allegedly "unfair" conduct be tethered to specific constitutional, statutory, or regulatory provisions.  *Id.*  The Ninth Circuit declined to specify which test should be used and, instead, observed that the two tests are not mutually exclusive.  *Id.*

In light of these tests, the court, in its 3/28/2012 Order, summarized BNYM's argument for why dismissal was appropriate and then explained why Ms. Sosa's allegations were not sufficient:

---

[3] Section 17200 prohibits "any unlawful, unfair or fraudulent" business practices.  Cal. Bus. & Prof. Code § 17200.  Because the statute is written in the disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices.  *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (Cal. 1999).

The court notes that BNYM argues in its motion that Ms. Sosa does not have standing to bring a UCL claim.  *See* Motion, ECF No. 34 at 5-6.  The argument is moot because the court already decided that Ms. Sosa had such standing.  3/28/2012 Order, ECF No. 30 at 6.

> [BNYM] argues that [Ms.] Sosa fails to state a claim under the UCL's "unfair" prong because she did not allege that its conduct threatened an "incipient violation of an antitrust law, or violates the policy or spirit of one of those laws." Motion to Dismiss, ECF No. 19 at 8. In support of its position, [BNYM] cites an unpublished case from another district in which the court held that allegations relating to loan origination and wrongful foreclosure do not threaten antitrust violations and could not serve as a basis for a claim under the unfair prong. *Id.* (citing *Heald v. National City Mortg.*, No. 11CV904 JLS (NLS), 2011 WL 5513226 (S.D. Cal. Nov. 10, 2011).
>
> [Ms.] Sosa quotes high-level statements regarding the balancing test but offers no analysis as to why it should or how it should apply to the facts in this case. Opposition, ECF No. 24 at 6-7. [Ms.] Sosa claims that her allegation that [BNYM's] allegedly wrongful initiation of foreclosure proceedings in violation of section 2924 constitutes an unlawful act and then concludes that this means that she has properly alleged that [BNYM] is engaged in deceptive, unfair and fraudulent conduct under both the "unlawful" and "unfair" prongs of the UCL. *Id.* at 7. But [Ms.] Sosa's statements merely make a conclusory assertion and are not persuasive.

3/28/2012 Order, ECF No. 30 at 7. "Given these factors," the court "determine[d] that [Ms.] Sosa failed to state a claim for a violation of the UCL under its 'unfair' prong." *Id.*

The court, then, provided Ms. Sosa with the reason why her claim was insufficient and provided her with an opportunity to cure it. She did not. In fact, the UCL-related allegations in her Second Amended Complaint are identical to the UCL-related allegations in the First Amended Complaint that the court found to be insufficient. *Compare* FAC, ECF No. 8 at 16-20, ¶¶ 94-116 *with* SAC, ECF No. 33 at 16-19, ¶¶ 94-115.[2] Accordingly, Ms. Sosa's "unfair" UCL claim is dismissed with prejudice. *See Ferdik*, 963 F.2d at 1261.

### C. Whether Ms. Sosa States a Claim under the UCL's "Fraudulent" Prong

To state a claim under the "fraudulent" prong of § 17200, a plaintiff must allege facts showing that members of the public are likely to be deceived by the alleged fraudulent business practice. *See Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (2009). Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements applies to allegations of fraud in support of a § 17200 claim. *See Long v. Hewlett-Packard Co.*, No C 06-2616 JW, 2007 WL4877691, at *3 (N.D. Cal. Dec. 21, 2006).

In its 3/28/2012 Order, as it did for her "unfair" UCL claim, the court summarized BNYM's argument for why Ms. Sosa's "fraudulent" UCL claim failed and then explained why her allegations

---

[2] The court notes that the First Amended Complaint does contain one paragraph that was omitted from the Second Amended Complaint. *See* FAC, ECF No. 8 at 19, ¶ 113.

were insufficient:

> [BNYM] argues that [Ms.] Sosa did not allege a fraud claim under the UCL with specific particularity. Motion to Dismiss, ECF No. 19 at 9. [BNYM] explains that [Ms.] Sosa alleges that [BNYM] violated the fraudulent prong by engaging in "one or more" of eight identified acts. *Id.* (citing First Amended Complaint, ECF No. 8 at 17-18, ¶ 104(a)-(h)). [BNYM] contends that [Ms.] Sosa's failure to even allege which of the eight listed acts [BNYM] may have engaged in, let alone allege each act with the required specificity under Federal Rule of Civil Procedure 9(b), is fatal to her claim under the "fraud" prong of the UCL. *Id.*
>
> Here again, [Ms.] Sosa merely quotes high-level statements regarding the elements of a claim under the UCL's 'fraud' prong but offers no analysis as to why it should or how it should apply to the facts in this case. Opposition, ECF No. 24 at 6.

3/28/2012 Order, ECF No. 30 at 8. "Given these factors," the court "determine[d] that [Ms.] Sosa failed to state a claim for a violation of the UCL under its 'fraud' prong." Id.

As noted above, the UCL-related allegations in Ms. Sosa's Second Amended Complaint are identical to the UCL-related allegations in the First Amended Complaint that the court found to be insufficient. *Compare* FAC, ECF No. 8 at 16-20, ¶¶ 94-116 *with* SAC, ECF No. 33 at 16-19, ¶¶ 94-115.[3] In light of her failure to cure the deficiencies pointed out to her, Ms. Sosa's "fraudulent" UCL claim is dismissed with prejudice. *See Ferdik*, 963 F.2d at 1261.

## D. Whether Ms. Sosa States a Claim for Negligent Misrepresentation

The elements of a negligent misrepresentation claim are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damages." *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009). And "[a]s with any negligence claim, the tort of negligent misrepresentation requires that [a] [p]laintiff allege a duty of care." *Plastino v. Wells Fargo Bank*, No. C 12–01037 CRB, 2012 WL 2061515, at *8 (N.D. Cal. June 7, 2012) (citing *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988)). A negligent misrepresentation claim also must meet Federal Rule of Civil Procedure 9(b)'s particularity requirement. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

---

[3] The court notes that the First Amended Complaint does contain one paragraph that was omitted from the Second Amended Complaint. *See* FAC, ECF No. 8 at 19, ¶ 113.

In her First Amended Complaint, Ms. Sosa alleged that BNYM initiated the foreclosure of subject property by recording a misleading declaration in violation of its obligation, pursuant to California Civil Code § 2923.5, to contact the borrower prior to the initiation of non-judicial foreclosure. *See* FAC, ECF No. 8 at 20-22, ¶¶ 120-21, 124-27.  Ms. Sosa claimed that BNYM had a common law duty avoid making partial, misleading representations that effectively concealed material facts. *Id.* at 8, ¶¶ 39-40.  In its motion to dismiss the First Amended Complaint, BNYM pointed out that it was assigned the trust deed a year after the allegedly fraudulent declaration was filed and so it could not possibly owe Ms. Sosa a duty in such a situation. Motion to Dismiss FAC, ECF No. 19 at 9-11.  Defendant also argues that the timing meant that Ms. Sosa cannot allege a claim with the requisite specificity because she cannot claim that she relied on the representation to her detriment because she was in default and could not have cured it. *Id.* at 10.

The court dismissed Ms. Sosa's negligent misrepresentation claim without prejudice. 3/28/2012 Order, ECF No. 30 at 9.  It explained that Ms. Sosa "did not address whether [BNYM] may be held liable for representations made by another party." *Id*.  And "[i]n the absence of analysis or authority supporting such a conclusion, and given the uncontested documentary evidence that [BNYM] did not execute the allegedly fraudulent declaration," the court concluded that Ms. Sosa failed to state a claim for negligent misrepresentation.

As mentioned above, Ms. Sosa's Second Amended Complaint includes some new allegations. *See* SAC, ECF No. 33 at 5-7, ¶¶ 22-24, 26-27, 29; *id*. at 19-20, ¶¶ 118-20, 122-23.  Those allegations appear to address the court's inquiry about whether BNYM may be held liable for the allegedly false representations made in the declaration that accompanied the notice of default. Specifically, Ms. Sosa alleged the following:

> 118. Defendant [BNYM] is acting as the assignee for the Deed of Trust and the Note and voluntarily accepted the benefit of foreclosure on the subject property.
>
> 119. [Ms. Sosa] alleges that the foreclosure proceedings were known to Defendant [BNYM] at the time of the [October 5, 2010 assignment] because [BNYM] was named as the beneficiary in the [notice of default] and the single point of contact for payment to stop the foreclosure one month before it was allegedly assigned all beneficial interest under the Deed of Trust and Note.
>
> 120. By enforcing the terms of the contract, instituting and continuing foreclosure proceedings, [BNYM] is also liable for enforcement of the contract and the representations made in the [notice of default] and Foreclosure Declaration.

> 121. [BNYM] was allegedly assigned the rights and interests to the promissory not by [Wells Fargo] with an Assignment of Deed of Trust].
>
> 122. The assignment transfers the interest of the assignor to the assignee. *Manson, Iver & York v. Black*, 176 Cal. App. 4th 36, 49 [(2009)]. Thereafter, "[t]he assignee 'stands in the shoes' of the assignor, taking his rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment." *Johnson v. County of Fresno*[,] 111 Cal. App. 4th 1087, 1096 [(2003)].
>
> 123. [Ms. Sosa] alleges that [BNYM], as holder of [] all rights and interests under the Note, must also accept all obligations and liabilities that flow from the alleged agreement between the parties and representations made during the foreclosure proceedings.

SAC, ECF No. 19-20, ¶¶ 118-23.

In its motion to dismiss the Second Amended Complaint, BNYM argues that "[t]he allegations in [Ms. Sosa's] SAC are nearly identical to those in her FAC and, more importantly, they do not address the deficiencies noted by the Court." Motion, ECF No. 34 at 7-8. The court begs to differ. Ms. Sosa clearly added new allegations addressing the court's inquiry.

Whether these new allegations carry the day is a separate issue, though. Ms. Sosa's premise is that, because an "assignee 'stands in the shoes' of the assignor," and takes the assignor's "rights and remedies, subject to any defenses which the obligor has against the assignor prior to notice of the assignment," *Johnson*, 111 Cal. App. 4th at 1096, BNYM (the assignee, in this scenario) took all of the Wells Fargo's (the assignor) "rights and remedies," subject to any "defenses" Ms. Sosa (the obligor) had against Wells Fargo. The problem is that none of the authority cited by Ms. Sosa stands for the proposition that an assignee is vicariously liable for the acts of the assignor that were made prior to the assignment. The cases Ms. Sosa cites deal with the determination of whether a particular party is a real party in interest and can enforce the rights assigned to the party; they do not address vicarious liability for torts allegedly committed by the assignor. See *Manson*, 176 Cal. App. 4th at 49-50; *Johnson*, 111 Cal. App. 4th at 1096; *see also F.D.I.C. v. Varrasso*, No. CIV. 2:11–2628 WBS CKD, 2012 WL 219046, at *2 (E.D. Cal. Jan. 23, 2012 ("As the purchaser of the Weisbly Loans, IndyMac stepped into the shoes of Kay–Co and is entitled to assert any claims arising out of the initial real estate transaction.") (citing *Johnson*). Thus, although Ms. Sosa addressed the court's concern, she failed to do so in a way that convinces the court to allow her negligent misrepresentation claim to go forward. For this reason, and because she has had opportunity to cure

1  its deficiencies, Ms. Sosa's negligent misrepresentation claim is dismissed with prejudice. *See*
2  *Ferdik*, 963 F.2d at 1261.[4]

## V.  CONCLUSION

For the foregoing reasons, the court **GRANTS** BNYM's motion to dismiss certain claims alleged in Ms. Sosa's Second Amended Complaint. Specifically, Ms. Sosa "unfair" and "fraudulent" UCL claims (alleged within her third cause of action) and her negligent misrepresentation claim (her fourth cause of action) are **DISMISSED WITH PREJUDICE**. Remaining are her claims for violation of California Civil Code §§ 2923.5 and 2924 (her first and second causes of action) and her "unlawful" UCL claim (alleged within her third cause of action).

This disposes of ECF No. 34.

The court previously ordered the parties to participate in a settlement conference before Chief Magistrate Judge Maria-Elena James. Referral Order, ECF No. 31. The settlement conference originally was scheduled for June 19, 2012, and then it was continued to June 27, 2012. Order Scheduling Settlement Conference, ECF No. 32; Clerk's Notice Rescheduling Settlement Conference, ECF No. 39. On June 27, 2012, neither Ms. Sosa nor her counsel appeared at the settlement conference. 7/2/2012 Minute Order, ECF No. 40. Ms. Sosa's counsel is **ORDERED** to file, **no later than July 6, 2012**, a declaration explaining why he and Ms. Sosa failed to appear at the settlement conference. In addition, the parties are **FURTHER ORDERED** to contact Judge James's courtroom deputy **immediately** to schedule a new settlement conference, and Ms. Sosa's counsel **SHALL** advise the court of that date in his declaration. Failure to participate in the settlement conference violates the currently-operative settlement conference order, Order Scheduling Settlement Conference, ECF No. 32, and may subject Ms. Sosa and/or her counsel to sanctions if it happens again.

---

[4] In her opposition to BNYM's motion to dismiss, Ms. Sosa argues that her claim survives because BNYM was a member of a joint venture or a civil conspiracy. *See* Opposition, ECF No. 35 at 8-9. This is the first time that Ms. Sosa has ever made such a claim; it did not appear in her original or First Amended Complaint, and it does not appear in the operative Second Amended Complaint. Moreover, even if it did, she fails to allege any facts to support either of these theories. In such a situation, the court need not address them.

**IT IS SO ORDERED.**

Dated: July 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge