UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| MARIA G. SOSA, an individual, | No. C 12-00144 LB |
| Plaintiff, | ORDER |
| v. | |
| BANK OF NEW YORK MELLON TRUST COMPANY, N.A.; and DOES 1 through 20, inclusive, | [ECF No. 56] |
| Defendants. | |

# I. INTRODUCTION

Plaintiff Maria Sosa filed this action against Defendant Bank of New York Mellon Trust Company, N.A. ("BNYM") accusing BNYM of instituting wrongful foreclosure proceedings against her property. *See* Notice of Removal, ECF No. 1. During the course of the proceedings, the court enjoined BNYM from conducting a deed of trust sale or foreclosing on her home on the condition that Sosa post a monthly $3,000 bond payments. Plaintiffs have now voluntarily dismissed their claims, and BNYM requests that the bond payments be released to it because Sosa has allegedly failed to make any of her monthly mortgage payments. Upon consideration of the papers and arguments submitted, the court **DENIES** BNYM's motion.[1]

---

[1] The court finds this matter to be suitable for determination without oral argument and vacates the September 20, 2012 hearing. *See* Civil Local Rule 7-1(b).

C 12-00144 LB
ORDER

## II. BACKGROUND

Sosa alleges that she obtained a $544,000 mortgage loan secured by her residence, which is located at 475 Bell street, East Palo Alto, California. Second Am. Compl. ("SAC"), ECF No. 33 at 2, ¶¶ 2, 20.[2] The loan was secured by a trust deed. *Id.* ¶ 20. BNYM allegedly was assigned the rights and interests to the promissory note on or about October 5, 2010 and again on or about September 9, 2011. *Id.* at 6, ¶¶ 25, 28. For reasons that are no longer relevant to the instant dispute, Ms. Sosa alleged that the September 9, 2011 assignment is "misleading, invalid, and void." *Id.* ¶ 29.

A foreclosure sale had been scheduled for February 3, 2012. Application, ECF No. 13 at 1. On February 2, 2012, after a hearing attended by both parties, the court entered a temporary restraining order that enjoined BNYM (as well as its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them) from conducting a deed of trust sale of or foreclosing upon Ms. Sosa residence. 2/2/2012 Order, ECF No. 17. The temporary restraining order also required Sosa to post a bond of $3,000 per month and stated that "[i]f Sosa fails to post any of the bonds, the temporary restraining order will expire." *Id.* at 8.

On January 31, 2012, two days before the hearing, BNYM assigned its interest under the note and the deed of trust to Sosa's home to USA Residential . *See* Mot. for Voluntary Dismissal Ex. A, ECF No. 54-1. This Assignment was recorded on February 2, 2012. *Id.* at 1. It appears that BNYM failed to disclose this information at the February 2, 2012 hearing.

BNYM briefly mentioned the assignment in its opposition to Sosa's motion for preliminary injunction. *See* 2/14/12 Opp'n, ECF No. 22 at 2 ("On January 30, [sic] 2012, BNYM assigned its interest in the deed of trust to USA Residential Properties, LLC." ("USA Residential")); *see also* BNYM's Request for Judicial Notice Ex. D, ECF No. 22-1 at 2, 32-33 (attaching the January 31, 2012 Assignment). On March 27, 2012, the court entered a preliminary injunction with the same conditions as the temporary restraining order. 3/27/2012 Order, ECF No. 29 at 2.

The case docket contains entries indicating that Sosa made $3,000 bond payments on February 7,

---

[2] Citations are to the Electronic Case File ("ECF"), with pin cites to the court-generated page numbers at the top of the document.

C 12-00144 LB
ORDER                                    2

March 1, March 30, and May 1, 2012. *See* Docket. The docket does not indicate any bond payments after May 1, 2012. *Id.*

On August 2, 2012, Sosa filed a document titled "Plaintiff's Notice of Voluntary Dismissal Without Prejudice Pursuant to FRCP Rule 41(a)(2)," which was really a motion for voluntary dismissal. *See* ECF No. 49. Shortly thereafter, Defendant Bank of New York Mellon Trust Company, N.A. ("BNYM") filed an application for an Order requesting the court to release Sosa's bond payments to it. *See* ECF No. 52. The Court denied both motions without prejudice and ordered the parties to submit them as noticed motions under Civil Local Rule 7-2. *See* Order Denying Requested Relief, ECF No. 53.

On August 3, 2012, Sosa refiled her motion for voluntary dismissal without prejudice. ECF No. 54. Though BNYM's motion for the bond funds was no longer pending, Plaintiffs made a number of arguments preemptively opposing it. *See id.* On August 9, 2012, BNYM refiled its motion requesting the bond payments. ECF No. 56. The court held a case management conference on August 9, 2012 that Sosa's counsel failed to attend, but at which BNYM stated that it did not oppose Sosa's motion for voluntary dismissal. *See*, 8/9/2012 Order, ECF No. 58. Accordingly, the court granted Sosa's motion for voluntary dismissal. *Id.* Thus, all that remains before the court is BNYM's motion for bond payments, which Sosa opposes.

### III. LEGAL STANDARDS

Federal Rule of Civil Procedure 65(c) requires district courts to condition temporary injunctions on payment of a bond. "The Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). In some mortgage foreclosure cases, courts in this district have structured injunction bonds to require a resident to pay an amount equivalent to the approximate fair rental value of the property to the court or even directly to the trust fund maintained by the lender's counsel. *See, e.g., Magana v. Wells Fargo Bank, N.A.*, No. C 11-03993 CW, 2011 WL 4948674 (N.D. Cal. Oct. 18, 2011). Still, the enjoined party may only record damages when it has been improperly enjoined and injured as a consequence. *See Matek v. Murat*, 862 F.2d 720, 734 (9th Cir. 1988), *abrogated on*

*other grounds by Koch v. Hankins*, 928 F.2d 1471, 1477-78 (9th Cir. 1991).

## III.  DISCUSSION

Throughout their briefs, the parties trade accusations of malfeasance and inequitable conduct. Both parties make numerous side arguments of tangential relevance.  The court confines its analysis to the  relevant points.

### A.  Equitable Arguments

BNYM's primary argument sounds in equity.  BNYM argues that the beneficiary of the mortgage note should receive Sosa's bond payments because Sosa has lived in the property for 26 months without making any of her $3,343.02 monthly mortgage payments.  8/9/2012 Mot., ECF No. 56 at 3-4.  In addition, BNYM points out that Sosa received $144,617.03 in cash out of the mortgage, in addition to her $92,056.30 in arrears.  *See id.* at 5.  Sosa does not address the merits of BNYM's equitable argument.  Instead, Sosa unconvincingly accuses BNYM of violating the preliminary injunction.  *See* 8/23/2012 Opp'n, ECF No. 59 at 4-5.

### B.  Standing

Sosa's primary arguments are that BNYM lacks standing to recover the bond payments and was not wrongfully enjoined.  *See, e.g.,* 8/23/2012 Opp'n, ECF No. 59 at 3.  Sosa claims that BNYM "relinquished its rights, interests, and obligations under the Deed of Trust and Note as of January 31, 2012."  *Id.*  Thus, Sosa claims, BNYM has not been the real party in interest since that time and lacks standing to claim entitlement to Sosa's bond payments.  *See* 8/23/2012 Opp'n, ECF No. 59 at 3.

BNYM responds that Sosa has had notice that USA Residential Properties, LLC – not BNYM – was the beneficiary of her loan since February 14, 2012.  *See* 8/9/2012 Mot., ECF No. 56 at 5; 8/30/2012 Reply, ECF No. 60 at 3-4 (citing ECF No. 22-2 at 3 (acknowledging assignment )). BNYM argues that Sosa should be estopped from asserting that USA Residential should not receive the bond payments because it is not a party to this lawsuit.  8/9/2012 Mot., ECF No. 56 at 5.  The court does not follow the logic of BNYM's argument and, therefore, rejects it.

Finally, BNYM argues that it has standing because "BNYM's counsel has asserted under penalty of perjury that the current beneficiary – USA Residential – will receive the bond payments released by the Court."  8/9/2012 Mot., ECF No. 56 at 4 (citing Williams Decl., ECF no. 56-1, ¶ 7); *see also*

8/30/2012 Reply, ECF No. 60 at 4 ("BNYM's counsel has declared that she would ensure that the released bond payments will be given to USA Residential, thereby undermining Plaintiff's argument.").

While the court does not doubt the integrity of BNYM's counsel, BNYM cites no authority for the proposition that a party can establish representative standing in this manner. USA Residential has not attempted to intervene in the suit to recover the bond payments and has certainly not proven that it was damaged. And even assuming that the BNYM itself had been wrongfully enjoined, it has not established that it was damaged as a consequence. Accordingly, the court DENIES BNYM's motion.

## IV.  CONCLUSION

For the reasons previously stated, the court DENIES Defendant's motion to recover the injunction bond and orders the clerk to disburse the bond to Plaintiff's counsel.

This disposes of ECF No. 56.

**IT IS SO ORDERED.**

Dated: September 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge